# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| HECTOR MIGUEL CHAVIRA, § | |
| Plaintiff, § | |
| § | |
| v. § | NO. 4:07-CV-381 |
| § | |
| EVELYN UPCHURCH, Director, Texas § | |
| Service Center, USCIS; § | |
| EMILIO T. GONZALEZ, Director, USCIS; § | |
| ALBERTO GONZALES, Attorney General § | |
| of the United States; and § | |
| MICHAEL CHERTOFF, Secretary of the § | |
| Department of Homeland Security, § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION OF UNITED STATES
## MAGISTRATE JUDGE

On the morning of August 15, 2007, the Court held a telephonic hearing on Plaintiff's Complaint (docket entry #1), Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction (docket entry #2), and Defendant's Response and Motion to Dismiss (docket entry #12). Counsel for all parties were present at the hearing and given the opportunity to present arguments to the Court. Having considered the motion and the arguments of counsel, the Court has ruled as indicated below.

In his Complaint and Application for Temporary Restraining Order ("TRO"), Plaintiff asks that this Court make certain declarations regarding the petition for adjustment of status Plaintiff filed on June 17, 2007. Plaintiff also asks that the Court require certain actions of Defendant in connection with same. Because the Court finds that it lacks subject matter jurisdiction to hear this case, the Court fails to reach the merits of the case, denies Plaintiff's

1

application for TRO, and grants Defendant's motion to dismiss on jurisdictional grounds. The Court need not address Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.  BACKGROUND

The following facts are material to the Court's resolution of the jurisdictional issue. Plaintiff is a 21-year-old citizen of Mexico who has been residing in the United States since 2000. Plaintiff has resided in the United States as a derivative beneficiary of his father's nonimmigrant visa. Because Plaintiff reached the age of 21 years old on May 25, 2007, his eligibility as a derivative under his father's visa expired. On June 7. 2007, Plaintiff and his family filed I-485 adjustment of status forms with the United States Citizenship and Immigration Services ("USCIS"). On June 15, 2007, the USCIS notified Plaintiff that his application for status adjustment had been denied because "[y]ou are over 21 years of age. Only dependent [sic] under 21 years of age are authorized to have an I-485 filed concurrently with their parents [sic] I-140." Plaintiff argues that the Child Status Protection Act ("CSPA") requires that his age be adjusted such that his eligibility as a beneficiary under his father's application was not vitiated upon reaching 21 years of age. Plaintiff contends that he has exhausted all available administrative remedies as pertains to his application for adjustment of status. Defendant argues that several channels of appeal exist within the administrative agency. Plaintiff filed this action against various officials of the USCIS on August 13, 2007. Plaintiff argues that subject matter jurisdiction lies in 28 U.S.C. §1331; 5 U.S.C. § 701, *et seq.*, the Administrative Procedure Act ("APA"); 28 U.S.C. § 2201, the Declaratory Judgment Act; and 28 U.S.C. § 1361, regarding compelling an officer of the United States to perform his duty in accordance with the applicable

2

laws.

## II.  Standard of Review

When considering a motion to dismiss for lack of subject matter jurisdiction, dismissal is proper when it appears certain that plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Saraw Partnership v. U.S.*, 67 F.3d 567, 569 (5th Cir. 1995). A court may base its decision on the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The burden of proof is on the party asserting jurisdiction. *Ramming v. U.S.*, 281 F.3d 158, 160 (5th Cir. 1996). The court also has an affirmative duty to raise the issues regarding subject matter jurisdiction whenever a problem with subject matter jurisdiction is perceived. *Dominguez-Cota v. Cooper Tire & Rubber Co.*, 396 F.3d 650, 652 n.1 (5th Cir. 2005).

## III.  Analysis

Plaintiff states that Defendant's denial of Plaintiff's application for adjustment of status was "arbitrary, capricious, and not in accordance with the applicable law." Pl.'s Compl. ¶ 31. Adjustments of status for permanent residence are governed by 8 U.S.C. § 1255. Section 1255(a) states that the Attorney General may adjust the status of an alien to that of a lawfully admitted permanent resident "in his discretion and under such regulations as he may prescribe" only if "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time him application is filed." The decision at issue is a decision by the acting director of one of the divisions of the USCIS. Plaintiff does

not seek to invoke jurisdiction under any provision of Title 8. Plaintiff only argues that this decision is reviewable under the APA. *See* Pl.'s Compl. ¶ 2.

**A. Lack of Jurisdiction Under the Administrative Procedure Act and 28 U.S.C. § 1331**

The APA contains a waiver of sovereign immunity. *See* 5 U.S.C. § 702; *Lundeen v. Mineta*, 291 F.3d 300, 304 (5th Cir. 2002). However, the APA itself does not confer subject matter jurisdiction on the federal courts. *See Califano v. Sanders*, 430 U.S. 99, 107, 97 S.Ct. 980, 985 (1977). 28 U.S.C. § 1331 states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1331 is only a jurisdictional statute which does not confer substantive federal rights enforceable in private civil litigation and does not contain a waiver of sovereign immunity. *See Bauhaus USA, Inc. v. Copeland*, 292 F.3d 439, 442 n.6 (5th Cir. 2002); *Shanbaum v. U.S.*, 32 F.3d 180, 183 (5th Cir. 1994).

For federal jurisdiction under the APA to exist in conjunction with 28 U.S.C. § 1331, the agency action must be reviewable by statute, or it must be a final agency action for which there is no other adequate remedy. 5 U.S.C. § 704; *see Peoples Nat. Bank v. Office of Comptroller of U.S.*, 362 F.3d 333, 337 (5th Cir. 2004). Here, Plaintiff does not cite, and the court does not find, any statute which authorizes the review of a Notice of Decision from an acting director of one of the offices of the USCIS. Plaintiff also does not contend that the determination by the USCIS was a final agency action. Plaintiff only generally states that all administrative remedies were exhausted.

The denial of a request for adjustment of status is not a final agency action for which there are no other adequate remedies available. *See Cardoso v. Reno*, 216 F.3d 512, 517 (5th Cir.

2000). This is true even though Plaintiff lacked the ability to appeal the decision – he "may, nevertheless, renew his request upon the commencement of removal proceedings." *Id. citing* 8 C.F.R. § 245.2(a)(5). Until this request is made, a plaintiff "has not yet exhausted his administrative remedies and this Court may not exercise jurisdiction." *Cardoso*, 216 F.3d at 518. Plaintiff has not presented any evidence which shows that any removal proceedings have been instituted, and that Plaintiff renewed his request for adjustment of status at the commencement of removal proceedings. Because the Fifth Circuit has held that the action complained of in this case is not a final agency action, the APA, via 28 U.S.C. § 1331, cannot provide a basis for jurisdiction over Plaintiff's claims.

Assuming, that Plaintiff did exhaust his remedies, and that removal proceedings were commenced, this court would still lack jurisdiction to enjoin those proceedings or to instruct the agency on the proper legal standards as requested by Plaintiff. *See* 8 U.S.C. § 1252(g) ("no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General [now Secretary of Homeland Security] to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."). Moreover, if a final order of removal has been issued, the exclusive means of review is to file a petition of review directly with the Fifth Circuit. 8 U.S.C. § 1252(a)(5). In any event, this court would lack jurisdiction.

**B. Lack of Jurisdiction Under the Mandamus Act**

The complaint makes reference to mandamus jurisdiction. The Mandamus Act vests jurisdiction in this court over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28

5

U.S.C. § 1361. This section also operates as a waiver of sovereign immunity. *See McClain v. Panama Canal Com'n*, 834 F.2d 452, 454 (5th Cir. 1987).

Mandamus jurisdiction may only be invoked when: (1) the plaintiff has a clear right to relief sought; (2) the defendants have a clear nondiscretionary duty to perform and (3) no other adequate remedy is available. *See Jones*, 609 F.2d at 781. Here, as noted above, Plaintiff has an adequate remedy available. He may raise his claims again before an immigration judge if the agency tries to initiate removal proceedings against him. *See Cardoso*, 216 F.3d at 518.

## C. Lack of Jurisdiction Under the Declaratory Judgment Act

The DJA is not an independent ground for jurisdiction and only permits the award of declaratory relief when other bases for jurisdiction are present. *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980). It also does not contain a waiver of sovereign immunity, and merely defines an available remedy. *See McCarthy v. Marshall*, 723 F.2d 1034, 1037 (1st Cir. 1983). Since Plaintiff has no other jurisdictional basis for this suit, Plaintiff has no remedy under the DJA for a declaration of rights.

## IV. Recommendation

This Court can find no set of facts in which it could exercise jurisdiction in this case. The Court finds that Plaintiff has not exhausted the administrative remedies available to him in connection with his rejected application for adjustment of status. Plaintiff must wait until removal proceedings have been instituted, and renew his request at that time. If an order of removal is issued, Plaintiff may seek to file a petition of review with the Fifth Circuit in accordance with 8 U.S.C. § 1252. While this results in delay and a second suit, this court can not assume jurisdiction not provided by Congress. Because this Court lacks the power to hear the

merits of this case, the Court recommends that the District Court dismiss the case. In conjunction with this recommendation, the Court denies Plaintiff's Application for Temporary Restraining Order and Temporary Injunction (docket entry #2) and grants Defendant's Motion to Dismiss (docket entry #12) on jurisdictional grounds. The Court does not reach Defendant's motion for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 15th day of August, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE